COMMONWEALTH OF KENTUCKY
MARION CIRCUIT COURT
DIVISION __
CIVIL ACTION NO. 24-CI-_____

LEBANON SUITES, LLC                                                                   PLAINTIFF

VS.                                          **COMPLAINT**

CENTRAL MUTUAL INSURANCE COMPANY                         DEFENDANT
       SERVE:    **SERVE VIA REGISTERED AGENT**
                         Ct Corporation System
                         306 W. Main Street Suite 512
                         Frankfort, Kentucky 40601

VS.

LUCAS GIBSON                                                           DEFENDANT

       SERVE:    **SERVE VIA CERTIFIED MAIL**
                         800 S Washington St
                         Van Wert, Ohio 45891

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Comes now Plaintiff, Lebanon Suites, LLC, by counsel, and for its Complaint against the above-captioned Defendants, hereby states as follows:

**JURISDICTION AND VENUE**

1. Venue is proper and this Court has subject matter jurisdiction over this action because the acts alleged herein arose from events that occurred in Marion County, Kentucky, and the damages sought are in excess of the jurisdictional requirement of this Court.

**PARTIES**

2. Plaintiff, Lebanon Suites, LLC, at all times relevant to this Complaint, owned property located at 255 W Main St, Lebanon, Kentucky 40033 ("Property").

3. At all times relevant and material hereto, Central Mutual Insurance Company was a foreign corporation engaged in the business of providing insurance policies to property owners in Marion County, Kentucky.

1

**EXHIBIT 1**

4. At all times relevant and material hereto, Lucas Gibson was a Property Claims Specialist and Staff Adjuster with Central Mutual Insurance Company, with an address of 800 S Washington St, Van Wert Ohio 45891.

## GENERAL ALLEGATION

5. Plaintiff is the owner of the Property which is located in Marion County, Kentucky.

6. Plaintiff maintained a property insurance policy covering the Property with Central Mutual Insurance Company for the relevant period, under policy number CLP8697807 ("Policy").

7. On or about March 3, 2023, the Plaintiff suffered damage to the Property due to a covered cause of loss under the policy.

8. On information and belief, Plaintiff suffered a covered loss under the Policy and has otherwise suffered damage that is not excluded under the Policy.

9. Plaintiff duly reported the loss to Central Mutual Insurance Company assigned claim number 1000457294 to the loss.

10. Defendants wrongfully underpaid Plaintiff's claim and misrepresented facts about the loss and policy.

11. Defendants effectively denied the claim by failing to cover the majority of the damage from the loss.

12. All conditions precedent to obtaining coverage for the loss have been complied with, met, or waived.

13. As a result of Defendants' refusal to honor its obligations under the Policy, Ky. Rev. Stat. §304.12-230 and Ky. Rev. Stat. §304.12-235, Plaintiff has retained the services of the undersigned attorneys and is obligated to pay a reasonable fee for their services.

## COUNT I: BREACH OF CONTRACT
**Central Mutual Insurance Company**

14. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

15. Plaintiff and Defendant are parties to a valid and binding contract of insurance, which requires Defendant to provide benefits to Plaintiff in the event of a covered loss under the Policy.

16. On information and belief, Plaintiff suffered a covered loss under the Policy.

17. Defendant failed to pay all of the benefits due under the Policy.

18. Plaintiff was damaged by Defendant's breach of contract.

19. Plaintiff continues to suffer damages from Defendant's breach of contract.

20. Plaintiff is entitled to compensation for Defendant's breach of contract.

21. Plaintiff demands a trial by jury on all triable issues in this case.

## COUNT II: STATUTORY BAD FAITH
### Central Mutual Insurance Company and Lucas Gibson

22. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

23. Through its conduct, acts and omissions described herein, Defendants have violated the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230, by, and among other conduct:

   a. Failing to acknowledge and act reasonably promptly upon communications with respect to Plaintiff's claim under the Policy.

   b. Failing to adopt and implement reasonable standards for the prompt investigation of Plaintiff's claim under Policy;

   c. Refusing to pay Plaintiff's claim without conducting a reasonable investigation based on all available information;

   d. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements were completed by Plaintiff;

   e. Not attempting in good faith to effect prompt, fair and equitable settlement of Plaintiff's claims in which liability has become reasonably clear;

   f. Delaying the investigation or payment of claims by requiring Plaintiff to submit a preliminary claim report and then requiring the submission of formal proof of loss forms, both of which submissions contain substantially the same information;

   g. Attempting to settle Plaintiff's claim for less than the amount to which a reasonable person would believe that she was entitled;

   h. Compelling Plaintiff to institute litigation to recover amounts due under the Policy by offering substantially less than the amount actually owed on the claim; and

3

      i. Failing to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for denial of Plaintiff's claim.

24. As a direct and proximate result of Defendants' violations of the Kentucky Unfair Claims Settlement Practices Act, Plaintiff suffered damages plus attorneys' fees, interest, and costs as allowed by law.

## COUNT III: COMMON LAW BAD FAITH
### Central Mutual Insurance Company and Lucas Gibson

25. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

26. Based on the terms of the Policy and the factual evidence developed herein, Defendants are obligated to cover Plaintiff's claims for property damage presented to Defendants as described herein.

27. At all relevant times, Defendants lacked a reasonable basis for partially denying coverage for almost all of the damages claimed by Plaintiff in the claim and provided no explanation or basis for the partial denial of coverage.

28. Defendants by and through its agents and employees, knew there was no reasonable basis to underpay and refuse to provide coverage for Plaintiff's claim, or in the alternative, acted with reckless and disregard for whether such a basis existed.

29. As direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered damages plus attorneys' fees, interest, and costs as allowed by law.

**WHEREFORE**, Plaintiff, Lebanon Suites, LLC, demands judgment against Defendants, Central Mutual Insurance Company and Lucas Gibson:

    A. For a trial of this cause by a jury;

    B. All damages to which Plaintiff is entitled;

    C. Pre-judgment interest pursuant to Ky. Rev. Stat. §304.12-235;

    D. Attorneys' fees, expert fees, and costs pursuant to Ky. Rev. Stat. §304.12-230 and Ky. Rev. Stat. §304.12-235; and

E. All other relief considered by this Honorable Court to be reasonable and appropriate.

Dated: **August 30, 2024**.

Respectfully submitted,

*/s/ J. Bart Denham*

Denham Property and Injury Law Firm
J. Bart Denham
250 W. Main St., Suite 120
Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: Bart@Denham.Law
Email: Service@Denham.Law
COUNSEL FOR PLAINTIFF

COMMONWEALTH OF KENTUCKY
MARION CIRCUIT COURT
DIVISION __
CIVIL ACTION NO. 24-CI-____

LEBANON SUITES, LLC                                                    PLAINTIFF

VS

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON DEFENDANTS, CENTRAL MUTUAL INSURANCE COMPANY**

CENTRAL MUTUAL INSURANCE COMPANY                DEFENDANT

VS.

LUCAS GIBSON                                                       DEFENDANT

**** **** **** ****

      Comes now Plaintiff, Lebanon Suites, LLC, by counsel, and pursuant to CR 26, 33, 34, and 36, hereby requests Defendants, Central Mutual Insurance Company and Lucas Gibson's Responses to the following Requests for Admission, Interrogatories, and Requests for Production of Documents, under oath, within thirty days:

**DEFINITIONS AND INSTRUCTIONS**

      1.     The term "Insurance Company" means Defendant, Central Mutual Insurance Company, including all of its past and present affiliates, subsidiaries, and parents, and all respective officers, directors, shareholders, partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on any of its behalf.

2. The term "Property" shall mean Plaintiff's property located at 255 W Main St, Lebanon, Kentucky 40033.

3. The term "Claim" means claim number 1000457294 for the loss to the Property.

4. "You" or "Your" shall mean Defendants, the Insurance Company and the Property Claims Specialist, including its agents, employees, or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on its behalf or for its benefit, either directly or indirectly.

5. The term "communication" means the conveyance of information or knowledge by writing, orally or otherwise and includes, but is not limited to, writings, letters, memoranda, reports, notes, telegrams, interoffice communication electronic mail, audiotapes, videotapes, and computer programs and any form of electromagnetic storage.

6. The term "document" means and includes any kind of written, typed, electronically produced or recorded or otherwise recorded and any graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts,

canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analysis evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. If any responsive information or documentation is stored on computer, then print out a hard or paper copy of such information or documentation or download such information or documentation to a floppy disk. "Document" shall also be deemed to include copies of documents even though the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations, or which otherwise does not duplicate the original of any other copy; and all attachments to any document. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

7. As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neutral shall be any gender or.

8. The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the request inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

9. The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

10.     "Relating to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

11.     If you claim that the attorney-client or other privilege or attorneys' work product doctrine is applicable to any document the identification of which is sought by these requests, then with respect to each such document, state its date, author(s), recipient(s), present and all previous custodians, location, subject matter, and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

12.     If you claim that the attorney-client or other privilege or the attorneys' work product doctrine is applicable to any event, occurrence, or communications, including any oral communication, the identification of which is sought by these requests, then with respect to each such event or occurrence, state its date, place and length, identify all persons present at all or any part of the event or occurrence; identify all documents that record, refer, or relate to the event or occurrence; state the subject matter of the event or occurrence; and provide sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

13.     If any document the identification of which is sought by these requests has been destroyed, then state the date and circumstances of its destruction, and identify the person who destroyed the documents and the person who ordered its destruction.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that you entered into a valid contract of insurance, CLP8697807 (hereinafter "the Policy"), with Plaintiff that was in full force and effect on March 3, 2023, for the property located at 255 W Main St, Lebanon, Kentucky 40033 (hereinafter "the Property").

**ANSWER**:

**REQUEST NO. 2:** Admit the subject policy of insurance provided coverage for damage caused to the Property by the weather event on March 3, 2023.

**ANSWER**:

**REQUEST NO. 3:** Admit that you were timely notified of the loss pursuant to the terms and conditions of the Policy.

**ANSWER**:

**REQUEST NO. 4:** Admit that you were provided an estimate of damages, the ability to inspect the loss, and photographs of the damage.

**ANSWER**:

**REQUEST NO. 5:** Admit that you received invoices for charges incurred by Plaintiff to restore the Property to its pre-loss condition.

**ANSWER**:

**REQUEST NO. 6:** Admit that you failed to indemnify Plaintiff against the amounts on Plaintiff's invoices or estimates.

**ANSWER**:

**REQUEST NO. 7:** Admit that as of the date of the filing of the instant lawsuit, there were no outstanding requests made by you for documents or other information in connection with your investigation and adjustment of the claim.

**ANSWER**:

**REQUEST NO. 8:** Admit that Plaintiff complied with all duties after a loss, pursuant to the Policy.

**ANSWER**:

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the individual(s) responding to these Interrogatories and those individuals' full names, addresses, email addresses, telephone numbers, and their relationship to this litigation.

> **ANSWER**:

**INTERROGATORY NO. 2:** Please identify and provide a detailed description of all exhibits you plan to use at the trial of this matter.

> **ANSWER**:

**INTERROGATORY NO. 3:** Please identify all persons with knowledge of the subject matter of this litigation. For each such person, please identify the relevant subjects on which you believe said individual is likely to have, and the nature and types of any relevant documents that you believe said individual may have in their possession, control, or custody.

> **ANSWER**:

**INTERROGATORY NO. 4:** Please identify each person you intend to call as an expert witness in this matter, including the date upon which each expert was first contacted, and in addition:

> (a) State separately the subject matter upon which each such expert is expected to testify;
>
> (b) State separately the substance of the facts and opinions concerning which each such expert is expected to testify;
>
> (c) State separately a summary of the grounds for each such opinion or conclusion of each expert, including therein information provided to each expert by you or information you know to have been relied upon by each expert; and
>
> (d) Identify all persons who have received copies of any documents prepared by each expert identified above.
>
> **ANSWER**:

**INTERROGATORY NO. 5:** Describe in detail each and every investigative step conducted by you, and/or any of your representatives, with respect to the facts and circumstances surrounding the subject loss and identify the individuals performing the referenced investigations.

    **ANSWER**:

**INTERROGATORY NO. 6:** Identify all adjusters, claims representatives, supervisors, independent adjusters, or any other person associated with or retained by Defendants who had any involvement whatsoever with Plaintiff's Claim and describe the involvement of each individual or entity in Plaintiff's Claim.

    **ANSWER**:

**INTERROGATORY NO. 7:** State the amount of damage you contend Plaintiff suffered as a result of loss to which this litigation relates. Include a detailed statement of the basis for the calculations, a description of the damaged items, and the amount necessary to repair or replace each item.

    **ANSWER**:

**INTERROGATORY NO. 8:** Identify all provisions of Plaintiff's insurance policy on which you relied in failing to pay full benefits for Plaintiff's covered loss claim and on which you intend to rely in defense to this litigation.

    **ANSWER**:

**INTERROGATORY NO. 9:** For each inspection of the Property on behalf of Defendants, please provide the name, address, phone number, and company for each person and describe the reason for the inspection.

    **ANSWER**:

*[Verification on following page]*

*[ Verification Page ]*

**Acknowledgement**

The responses to the above interrogatories are provided by me, under oath, to the best of my knowledge, information, and belief.

By: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2024, by _____, who is personally known to me or who has produced _____ as identification and who did (did not) take an oath, and who says that he/she executed the foregoing Answers to Interrogatories and that the Answers are true and correct to the best of his/her knowledge and belief.

_____
Notary Public

_____
Printed Name

(seal)

*[Requests for Production Responses on next page]*

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** Please produce all documents which you used to Answer the above Interrogatories.

    **RESPONSE**:

**REQUEST NO. 2:** Please produce all documents which you intend to admit as exhibits at the trial of this matter.

    **RESPONSE**:

**REQUEST NO. 3:** Please produce a certified copy of the Policy.

    **RESPONSE**:

**REQUEST NO. 4:** Please produce all statements made by Plaintiff, in whatever form, which relates to the subject matter of this litigation.

    **RESPONSE**:

**REQUEST NO. 5:** Please produce all communications between you and Plaintiff relating to the Claim.

    **RESPONSE**:

**REQUEST NO. 6:** Please produce all photographs of the Property relating to the Claim, including any thermal imagery. With respect to this request, please also include the original JPEG or TIFF digital files, or digital image files converted directly from the native digital format, including all metadata.

    **RESPONSE**:

**REQUEST NO. 7:** Please produce all video recordings, diagrams, sketches, or other visual documentation related to the Claim.

    **RESPONSE**:

**REQUEST NO. 8:** Please produce all documents submitted by Plaintiff to you relating to the Claim.

**RESPONSE**:

**REQUEST NO. 9:** Please produce all estimates, reports, and/or invoices relating to the Property and/or the Claim.

**RESPONSE**:

**REQUEST NO. 10:** Please produce all documents related to the coverages the Policy affords to Plaintiff.

**RESPONSE**:

**REQUEST NO. 11:** Please produce all documents related to your decision not to fully compensate or otherwise indemnify Plaintiff for the Claim.

**RESPONSE**:

**REQUEST NO. 12:** Please produce all photographs of the Property relating to the Claim, including any thermal imagery. With respect to this request, please also include the original JPEG or TIFF digital files, or digital image files converted directly from the native digital format, including all metadata.

**RESPONSE**:

**REQUEST NO. 13:** Please produce all documents to and from adjusters and/or appraisers relating to coverage for Plaintiff's Claim.

**RESPONSE**:

**REQUEST NO. 14:** Please produce all photographs, inspection reports, or other documents relating to the condition of the Property prior to Plaintiff's Claim, including all inspection reports

prepared by you before deciding to insure the Property. With respect to photographs, please also include all original JPEG or TIFF format digital files, or digital image files converted directly from the native digital format, including all metadata.

**RESPONSE**:

**REQUEST NO. 15:** Please produce all documents reflecting the dates and times that you inspected the Property within the past five years, as well as the individuals conducting the inspections.

**RESPONSE**:

**REQUEST NO. 16:** Please produce the underwriting file for the Policy.

**RESPONSE**:

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, a true and accurate copy of the foregoing document was served via email upon:

Gary W. Thompson
Gary@RichardsonLawGrp.com
Richardson Law Group, PLLC
771 Corporate Dr,
Lexington, Kentucky 40503
COUNSEL FOR DEFENDANTS

*/s/ J. Bart Denham*
COUNSEL FOR PLAINTIFF